```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT


TAJAH S. MCCLAIN,
      Plaintiff,

      v.                          CASE NO. 3:13-cv-1062(JBA)

CITY OF BRIDGEPORT,
      Defendant.
```

## INITIAL REVIEW ORDER

The plaintiff, Tajah S. McClain, incarcerated and *pro se,* has filed a Complaint under 42 U.S.C. § 1983.  The Complaint is dated July 15, 2013 and was filed with the Clerk on July 24, 2013.  The plaintiff describes the defendant as the City of Bridgeport, Connecticut (Police Department).

The plaintiff alleges that on July 20, 2010, Bridgeport Police Officers arrested him and seized $2,837.00 in currency from him.  John Doe Officer, Badge No. 484, gave him a receipt for the currency.  The plaintiff's criminal case is closed.  The plaintiff complains that his currency has not been returned to him.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is

immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

Municipal police departments are not independent legal entities and are not subject to suit under section 1983.  *See Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 164 (D. Conn. 2005).  Thus, the complaint must be dismissed as to the Bridgeport Police Department pursuant to 28 U.S.C. § 1915A(b)(1) as lacking an arguable legal basis.

In *Monell v. Department of Social Service*, 436 U.S. 658, 691 (1978), the Supreme Court set forth the test for municipal liability.  To establish municipal liability for the allegedly unconstitutional actions of a municipal employee, the plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."  *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (citation omitted).  A municipality cannot be held liable under 42 U.S.C. § 1983 solely on a theory of respondeat superior.  *See Monell*, 436 U.S. at 694-95.  The plaintiff must demonstrate "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation."  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  Any claim against a municipal official or employee in his official capacity is considered to be a claim against the municipality.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

3

The plaintiff has alleged no facts to suggest the existence of a municipal policy or custom in this case. The incident he describes regarding the seizure of his currency and alleged failure to return the currency to him appear to be isolated occurrences. *See Stengel v. City of Hartford*, 652 F. Supp. 572, 574 (D. Conn. 1987) (noting that a claim of municipal policy or custom requires allegations consisting of more than a single isolated incident). Because the plaintiff has not alleged facts suggesting that the seizure of currency by the defendant also occurred at other times, the plaintiff fails to state a claim for monetary damages against the defendant City of Bridgeport in its official capacity. The claims against the defendant City of Bridgeport are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

To succeed on a claim of a Fourteenth Amendment procedural due process violation, a plaintiff must allege that he or she was deprived of a property or liberty interest without having received notice and an opportunity to be heard regarding the deprivation. *See Ceja v. Vacca*, 503 Fed. App'x 20 (2d Cir. 2012) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). When a deprivation of property occurs as a result of a random and unauthorized act by a state or municipal official, a predeprivation hearing is not required because the official "cannot know when such [a] deprivation[] will occur." *Hudson v.*

4

*Palmer*, 468 U.S. 517, 533 (1984). To state a procedural due process claim the random and unauthorized seizure of property, a plaintiff must demonstrate that adequate post-deprivation remedies are not available. *See Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Alexandre v. Cortes*, 140 F.3d 406, 41-12 (2d Cir. 1998).

The plaintiff mentions a John Doe Bridgeport Police Officer, Badge No. 484, as the individual who gave him a receipt at the time of the seizure of his currency incident to his arrest, but does not name him as a defendant. Even if the plaintiff had included John Doe as a defendant, he has not stated a cognizable due process claim as state law remedies for property seized in connection with a criminal proceeding exist. *See* Conn. Gen. Stat. § 54-36a (describing the procedure for return of seized property at the conclusion of a criminal proceeding-attached); *Doutel v. City of Norwalk*, 203 WL 3353977, at *19 (D. Conn. July 3, 2013) (plaintiff failed to state due process claim "because Connecticut provides adequate post-deprivation judicial remedy available to the plaintiff for redress of the seizure of her property under Conn. Gen. Stat. 54-36a"); *Salatto v. City of Milford*, 3:08cv1071 (MRK), 2004 WL 178606, at *1 (D. Conn. Jan. 22, 2004) (due process not violated where plaintiff required to

5

pay towing fees before City of Milford would release his vehicle, and where he could have but failed to seek "relief by filing a motion in state court before paying filing fee" pursuant to Conn. Gen. Stat. § 54-36a or by filing a civil action in state court or with the Claims Commissioner).

The plaintiff does not allege that he attempted to file a motion at the conclusion of his criminal case for the return of the currency seized during his arrest.  Nor has he alleged that he attempted to file a civil action in state court seeking the return of his currency.

## Conclusion

The claims against the City of Bridgeport, Connecticut (Police Department) are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3)(2000).  The Clerk is directed to enter judgment for the defendant and close this case.

SO ORDERED at New Haven, Connecticut this 22nd day of January, 2014.

```
                            /s/
                            JANET BOND ARTERTON
                            UNITED STATES DISTRICT JUDGE
```

**Connecticut General Statute** § 54-36a

(a) As used in this section, sections 53-278c and 54-36c: (1) "Contraband" means any property, the possession of which is prohibited by any provision of the general statutes; (2) "stolen property" shall include, but not be limited to, cash or the proceeds from the sale of such property obtained by theft or other illegal means; (3) "owner" means a person or persons entitled to seized property as a matter of law or fact.

(b) (1) Whenever property is seized in connection with a criminal arrest or seized pursuant to a search warrant without an arrest, the law enforcement agency seizing such property shall file, on forms provided for this purpose by the Office of the Chief Court Administrator, an inventory of the property seized. The inventory, together with the uniform arrest report, in the case of an arrest, shall be filed with the clerk of the court for the geographical area in which the criminal offense is alleged to have been committed; except, when the property is stolen property and, in the opinion of the law enforcement officer, does not exceed one thousand dollars in value, or when an attempt was made to steal the property but the property at all times remained on the premises in a sealed container, the filing of an inventory shall not be required and such property may be returned to the owner. In the case of property seized in connection with a search warrant without an arrest, the inventory shall be attached to the warrant and shall be filed with the clerk of the court for the geographical area in which the search warrant was issued. If any criminal proceeding is transferred to another court location, then the clerk with whom the inventory is filed shall transfer such inventory to the clerk of the court location to which such action is transferred.

(2) If the seized property is stolen property, within ten days of the seizure, the law enforcement agency seizing the property shall notify the owner of the property if known, or, if the owner of the property is unknown at the time of seizure, such agency shall within ten days of any subsequent ascertainment of the owner notify such owner, and, on a form prescribed by the Office of the Chief Court Administrator, advise the owner of such owner's rights concerning the property and the location of the property. Such written notice shall include a request form for the return of the property. The owner may request the return of the property by filing such request form with such law enforcement agency, and upon receipt of such request, the law enforcement agency shall forward it to the clerk of the court for the geographical area in which the criminal offense is alleged to have been committed. The clerk of the court shall notify the defendant or defendants of the request to return the property. The court shall order the return of the property within thirty days of the date of filing such return request by the owner, except that for good cause shown, the court may order retention of the property for a period to be determined by the court. Any secondary evidence of the identity, description or value of such property shall be admissible in evidence against such defendant in the trial of such case. The fact that the evidence is secondary in nature may be shown to affect the weight of such evidence, but not to affect its admissibility. If the stolen property is a motor vehicle, a photograph of the motor vehicle and a sworn affidavit attesting to the vehicle identification number of such motor vehicle shall be sufficient evidence of the identity of the motor vehicle. For the purposes of this subdivision, "motor vehicle" means a passenger or commercial motor vehicle or a motorcycle, as defined in section 14-1, and includes construction equipment, agricultural tractors and farm implements.

(3) (A) If the seized property is currency and is stolen property, the law enforcement agency seizing the currency shall follow the procedures set forth in subdivision (2) of this subsection.

(B) If the seized property is currency and is not stolen property, the law enforcement agency seizing the currency shall, within ten days of such seizure, notify the defendant or defendants, if such currency was seized in connection with a criminal arrest, or the person or persons having a possessory interest in the premises from which such currency was seized, if such currency was seized pursuant to a search warrant without an arrest, that such defendant or person has the right to a hearing before the Superior Court on the disposition of the currency. Such defendant or person may, not later than thirty days after receiving such notice, request a hearing before the Superior Court. The court may, after any such hearing, order that the law enforcement agency, after taking reasonable measures to preserve the evidentiary value of the currency, deposit the currency in a deposit account in the name of the law enforcement agency as custodian for evidentiary funds at a financial institution in this state or order, for good cause shown, that the currency be retained for a period to be determined by the court. If such defendant or person does not request a hearing, the law enforcement agency may, after taking reasonable measures to preserve the evidentiary value of the currency, deposit the currency in a deposit account in the name of the law enforcement agency as custodian for evidentiary funds at a financial institution in this state.

(C) If the currency is deposited in a deposit account at a financial institution in this state pursuant to subparagraph (B) of this subdivision, the financial institution at which such deposit account is established shall not be required to segregate the currency deposited in such deposit account. No funds may be withdrawn from such deposit account except pursuant to a court order directed to the financial institution. Any withdrawal of funds from such deposit account shall be in the form of a check issued by the financial institution to the law enforcement agency or to such other payee as the court may order. Nothing in this subdivision shall prohibit a financial institution from charging a fee for the maintenance and administration of such deposit account and for the review of the court order.

(D) If the currency is deposited in a deposit account at a financial institution in this state pursuant to subparagraph (B) of this subdivision, any secondary evidence of the identity, description or value of such currency shall be admissible in evidence against a defendant in the trial of a criminal offense. The fact that the evidence is secondary in nature may be shown to affect the weight of such evidence, but not to affect its admissibility.

(c) Unless such seized property is stolen property and is ordered returned pursuant to subsection (b) of this section or unless such seized property is adjudicated a nuisance in accordance with section 54-33g, or unless the court finds that such property shall be forfeited or is contraband, or finds that such property is a controlled drug, a controlled substance or drug paraphernalia as defined in subdivision (8), (9) or (20) of section 21a-240, it shall, at the final disposition of the criminal action or as soon thereafter as is practical, or, if there is no criminal action, at any time upon motion of the prosecuting official of such court, order the return of such property to its owner within six months upon proper claim therefor.

(d) When the court orders the return of the seized property to the owner, the order shall provide that if the seized property is not claimed by the owner within six months, the property shall be destroyed or be given to a charitable or educational institution or to a governmental agency or institution, except that (1) if such property is money it shall be remitted to the state and shall be deposited in the General Fund or (2) if such property is a valuable prize it shall be disposed of by public auction or private sale in which case the proceeds shall become the property of the state and shall be deposited in the General Fund; provided any person who has a bona fide mortgage, assignment of lease or rent, lien or security interest in such property shall have the same right to the proceeds as he had in the property prior to the sale.

(e) If such seized property is adjudicated a nuisance or if the court finds that such property shall be forfeited or is contraband other than a controlled drug, a controlled substance or drug paraphernalia as defined in subdivision (8), (9) or (20) of section 21a-240, the court shall order that such property be destroyed or be given to a charitable or educational institution or to a governmental agency or institution, except that (1) if such property is money, the court shall order that it be remitted to the state and be deposited in the General Fund or (2) if such property is a valuable prize, the court shall order that it be disposed of by public auction or private sale in which case the proceeds shall become the property of the state and shall be deposited in the General Fund; provided any person who has a bona fide mortgage, assignment of lease or rent, lien or security interest in such property shall have the same right to the proceeds as he had in the property prior to sale.

(f) If the court finds that such seized property is fireworks as defined in section 29-356, the court shall order the forfeiture and destruction of such property. Any secondary evidence of the identity, description or value of such property shall be admissible in evidence against the defendant in the trial of the case. A photograph of the fireworks and a sworn affidavit describing such fireworks shall be sufficient evidence of the identity of the fireworks. The fact that the evidence is secondary in nature may be shown to affect the weight of such evidence, but not to affect its admissibility.

(g) If the court finds that such seized property is a controlled drug, a controlled substance or drug paraphernalia as defined in subdivision (8), (9) or (20) of section 21a-240, the court shall order the forfeiture and destruction of such property or order it delivered to the Commissioner of Consumer Protection pursuant to section 54-36g.

(h) Any order made under the provisions of subsections (b), (c), (d), (e), (f) and (g) of this section or section 54-33f or 54-33g, shall upon notification from the clerk, be complied with by the person or department having custody or possession of such property.

(i) A return of compliance with the court order, on a form prescribed by the Office of the Chief Court Administrator, shall be filed with the clerk of the court by the person or department to whom notice is sent in accordance with the provisions of subsection (h) of this section. If the court ordered the seized property returned to the owner within six months upon proper claim therefor, the return of the compliance shall be filed within seventy-two hours of the return of the property to the owner. If the owner does not claim the property within six months, then the return of compliance shall be filed within seventy-two hours of compliance with the order of the court

pursuant to subsection (d) of this section. Failure to comply with the court order within ninety days following expiration of the period within which the owner of the property may claim the property shall constitute criminal contempt. If the court renders an order concerning the disposition of the property other than an order to return the property to the owner, the return of compliance shall be filed with the clerk within seventy-two hours of compliance with the court order. Failure to comply with the court order within ninety days of receipt of such order shall constitute criminal contempt. Failure to file a return of compliance as set forth in this subsection shall constitute criminal contempt. Anyone convicted of criminal contempt may be punished by a fine of not more than one hundred dollars. Each failure to comply with a court order and each failure to file a return of compliance within the required period shall constitute a separate criminal contempt.